BANKS v. STRONG.

1. TRIAL— CONTRACTS — ORAL CONTRACTS — BAILMENT — ADMITTED FACTS—QUESTION FOR JURY.

In an action against a former owner of a garage to recover for injury to plaintiff's automobile by a street car, while being taken from plaintiff's home for storage as usual by one of the employees of the garage, where there was no dispute as to what the contract of storage was, the mere fact that it rested in parol did not make it a disputed question for determination by the jury.

2. SAME—QUESTIONS OF LAW—APPEAL AND ERROR.

Where the court holds, as a matter of law, that a party's theory is untenable, there is no error in refusing to submit such party's theory of the case to the jury.

3. BAILMENT — AUTOMOBILES — PARTNERSHIP — LIABILITY AFTER TRANSFER—INSTRUCTIONS.

In an action by an automobile owner against the former proprietor of a garage, with whom such owner had a contract for storage and conveyance to and from the garage, for damages for injury to the automobile while under the control of a garage employee taking it from plaintiff's home to the garage, an instruction that the

transfer of the business was not involved because plain- ·
tiff had no notice thereof; that the contract of bailment
continued after the transfer, and that defendant had no
right to change the contract by transferring his liability
to some one else, was correct.

**4. SAME.**

Where a contract between an automobile owner and a
garage proprietor contemplated storage and extras which
are incidental to garage service, including conveyance to
and from the garage, and the automobile was being taken
to the garage from the owner's home by a garage em-
ployee at the time it was struck by a street car and the
owner of the automobile had no notice of a change of
ownership of the garage, the contract was still in effect
so as to render the former garage proprietor liable for
the negligence of such employee.[1]

Error to Kent; Perkins, J.  Submitted June 14,
1916.  (Docket No. 99.)  Decided September 27, 1917.

Assumpsit by William B. Banks against Edward J.
Strong for breach of a contract of bailment.  Judg-
ment for plaintiff.  Defendant brings error.  Affirmed.

*Ellis & Ellis,* for appellant.

*Swarthout & Master,* for appellee.

FELLOWS, J.  This case was submitted on briefs at
the June, 1916, term, and was reassigned at the April,
1917, term.  Defendant brings up for review a judg-
ment rendered against him in the circuit court for
Kent county for damages done to plaintiff's automo-
bile while under the control of an employee of the
Wealthy Heights Garage, located at 650-652 Wealthy
avenue, in the city of Grand Rapids.

On November 3, 1911, there was filed in the office of
the county clerk of Kent county, pursuant to the pro-

---

[1]For authorities passing on the question of duty and liability
of garage keeper to owner of automobile, see note in 45 L. R. A.
(N. S.) 314; 48 L. R. A. (N. S.) 561.

visions of Act No. 101, Pub. Acts 1907 (2 Comp. Laws 1915, § 6349 *et seq.*), a certificate signed and sworn to by defendant, that he and one James E. Keegan, Jr., were the owners of the Wealthy Heights Garage. On November 15, 1911, there was filed in the office of the county clerk a like certificate signed and sworn to by the defendant that he (defendant) was the owner of the Wealthy Heights Garage. No other certificate as to the ownership of said Wealthy Heights Garage was ever filed in the office of the county clerk.

In the spring of 1912 plaintiff commenced to store his car at the Wealthy Heights Garage; the arrangements being that he was to pay $5 per month for storage and was to be charged for extras. Plaintiff's testimony, and that of the bookkeeper with whom he made the arrangements, and who was called by defendant as a witness, agree as to this arrangement. Bills, including extras, were rendered to and paid by plaintiff in succeeding months. The bills were rendered in the name of the Wealthy Heights Garage. Plaintiff did not know the name of the owner of this business, or the names of the persons employed there, but during his entire dealings the same persons were doing the business. On the night of December 20th plaintiff drove up to the garage and took in the night man to have him go to his home with him and return the machine to the garage. He had frequently done this in the preceding three weeks, and on rare occasions before that, and was charged in the bills rendered him a nominal charge for such service. While being returned from plaintiff's home, in charge of the night man, the machine was damaged by a collision with a street car. The testimony as to the accident made the question of negligence of the driver a question for the jury. The declaration counts on the breach of the contract of bailment. To this count is added the common counts.

Defendant gave testimony, and it was undisputed, that he was a railroad man and took no active part in the business; that he became the sole owner of the business in September, 1911; that Mr. Keegan was in partnership with him for about a month when he bought him out.   Later, in the fall of 1911, a Mr. Pierce became a partner with him, but a Mr. Owen had the active charge of the business, and was given a third interest in the fore part of 1912, and on November 11, 1912, both defendant and Pierce sold their interest to Owen, who owned and managed the business thereafter.

It is not claimed that any notice of any of these various transfers was given to or reached the plaintiff.   The nonjoinder of parties was not pleaded, nor was it raised in the court below, nor is it urged in this court; the defense being that, the injury having occurred after the defendant terminated his connection with the Wealthy Heights Garage, no liability attaches to him.   Upon this theory he asked the court to direct a verdict in his favor.   This the court refused to do, holding that defendant could not escape the contract of bailment by transferring his liability to some one else.   We shall discuss such questions raised as are important to the disposition of the case.

It is insisted by the defendant that, inasmuch as the contract rested in parol, the court should have submitted to the jury the question of what the contract was and how intended to be understood.   We have already stated that there was no dispute as to what the contract was.   It was made by the plaintiff and the bookkeeper, who was defendant's wife.   Both were witnesses, and they agreed as to its terms.   Plaintiff was to pay $5 per month for storage, and was to pay for any extras he had.   There being no dispute between them as to what the arrangement was, there was no question of fact presented for the jury, even

though the contract was an oral one. The fact that it rested in parol did not make it a disputed question.

Objection is made that the court did not submit the defendant's theory to the jury. The court held as matter of law that defendant's theory was untenable. If the court was correct in this, there was no error in not submitting such theory to the jury. The court instructed the jury as follows:.

"On the question that has been raised during the progress of the trial, as to the transfer of the business, you have nothing to do. That matter is taken from your consideration for the reason that under the undisputed evidence and from the testimony of the defendant's own witnesses also, as well as from the statement made by the plaintiff upon the witness stand, the plaintiff never received any notice from any one that such a transfer had taken place. Therefore it follows that the contract of bailment made in the first instance continued with the defendant Strong. He would have no more right to change the contract by transferring his liability to some one else than he would have a right to sell the automobile itself, or do anything else with it contrary to the terms of the contract."

Defendant urges that each time the machine was delivered to plaintiff's home from the garage, or from the garage to the home, constituted a new contract, and that, inasmuch as he was out of the business at the time of the accident, and the business was owned by Owen, he is not liable. We think the trial court was correct in declining to accept this theory. There was no dispute as to what the contract was. It contemplated storage and extras which are incidental to garage service. Conveyance to and from the residence was an incident and a part of such service; it was an extra, charged to and paid for by the plaintiff. The contract relied upon, and to which defendant was a party, involved in its performance the doing of services, such as were being performed when the car was injured.

Whether, when the contract was made defendant had a partner, or afterwards had a partner, would not affect his own liability as bailee. Nor is he in a position to question, nor does he question, the nonjoinder of other defendants. The case was tried upon the theory that defendant made a contract of bailment and breached it; that, having made such contract with the plaintiff, it continued until plaintiff consented to change it, or until he had notice that defendant would no longer undertake to perform it, and that the act of selling out the business alone did not relieve defendant from the performance of his contract with the plaintiff. In submitting the case to the jury upon this theory and in refusing to direct a verdict for the defendant, the court committed no error.

As this disposes of the case, it becomes unnecessary to consider the other interesting questions discussed.

The judgment is affirmed.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred.